UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHAEL JOHNSON** : | **CIVIL ACTION NO.** |
|    Plaintiff | |
| | |
| **v.** : | **TRIAL BY JURY DEMANDED** |
| | |
| **ROAD READY USED CARS, INC.,** | |
| **RONALD SARACINO and GATEWAY** : | |
| **ONE LENDING & FINANCE, LLC,** | |
|    Defendants : | **FEBRUARY 25, 2015** |

## COMPLAINT

**INTRODUCTION AND JURISDICTIONAL ALLEGATIONS**

    1. This is a suit brought under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 *et seq.,* and Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC") against Road Ready Used Cars, Inc. ("Road Ready") regarding the purchase and sale of a used 2004 Toyota Tacoma (the "Vehicle").  Plaintiff alleges breach of the implied warranty of merchantability, breach of express warranty, fraudulent misrepresentation, negligent misrepresentation, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.* with respect to Road Ready.  Plaintiff also claims against Gateway One Lending & Finance, LLC ("Gateway"), the assignee of the retail installment contract for the Vehicle.

    2. Michael Johnson ("Johnson") is a New York resident residing in Bronx, New York.

3. Road Ready is a Connecticut corporation that operates a motor vehicle dealership in Bridgeport, Connecticut.

4. Ronald Saracino is a Connecticut resident residing in Bethany, Connecticut, and he is a principal and the president of Road Ready.

5. Gateway One Lending & Finance, LLC ("Gateway") is a Delaware limited liability company with headquarters in California.

6. Jurisdiction in this Court is proper pursuant to Magnuson Moss, 15 U.S.C. § 2310(d)(1)(B), because the total amount sought, including common law punitive damages for tortious breach of warranty, is greater than $50,000.

7. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy, when potential common law and statutory punitive damages are included, is more than $75,000.

8. This Court has jurisdiction over Road Ready and Saracino because they are both located in Connecticut.

9. This Court has jurisdiction over Gateway because it regularly conducts business in this state.

10. Venue in this Court is proper, because the Plaintiff, Road Ready, and Saracino are Connecticut residents and the transaction alleged herein occurred in this state.

**ALLEGATIONS OF FACT**

11. The Vehicle is a 2004 Toyota Tacoma that was originally sold in Rhode Island and registered in that state.

12. In November 2014, the Vehicle was sold at an Auto Auction.

13. Road Ready either purchased the Vehicle from the auction or from another dealership or automobile broker who acquired it from the auction or from a subsequent purchaser.

14. Road Ready advertises on its website that it submits each vehicle in its inventory to a "Safety and Maintenance" inspection.  According to its website, Road Ready's inspection includes a check of the frame for frame damage, rust, and cracks.

15. Road Ready also advertises on its website and in other advertisements that it "certifies and handpicks" the vehicles that it sells to ensure that they are "Road Ready."

16. Road Ready advertised the Vehicle for sale on its own website and in various other websites, and these advertisements included the following statement:

> 2004 Toyota Tacoma 4x4 - Holy Cow a one owner ten year old 4x4 with only 61227 original documented Carfax miles. **The truck is in excellent condition and not all rusted out like a lot of them you've seen out there**. A dependable and cost effective 4x4 dressed in black that's sure to move quickly. All Serviced Carfaxed and Road Ready! ! ! We would like to thank you for considering us for the purchase of your pre owned vehicle. Go to ROADREADYUSEDCARS.COM for the link to Cars.com Yahoo and Google to check out our stellar review rating of 4.8 out of 5 stars. When the Economy's Unsteady Save at Road Ready Now is the Best Time to Buy! RATES are at an all time Low! (OVER 200 CERTIFIED HAND PICKED VEHICLES TO CHOOSE FROM) 30 Years of Experience in the Automobile Business! We are Celebrating our twenty sixth Year in Business. Please visit us @ to See More Pictures and get Additional Information. You can Apply for Financing on our Website. The best quality pre-owned used cars trucks suvs and vans in the Milford Bridgeport and Waterbury areas. Call [sic] with any questions or to Schedule a test Drive Today! [emphasis supplied]

17. The 2004 model year Toyota Tacoma is notorious within the automotive industry for having problems with frame rust.

18. Road Ready was aware of the model's reputation for rust, as indicated by its comment that the Vehicle was not "all rusted out" like many others.

3

19. Road Ready's representations regarding the condition of the Vehicle were false, because the Vehicle was severely rusted and was not roadworthy. Specifically, the Vehicle had the following defects:

   a. The corrosion on the frame was severe enough that the right rear shock absorber was no longer connected to the frame of the vehicle. This presents safety concerns for several reasons. The main function of the shock is to keep the tires in contact with the road by controlling spring oscillation. The corroded frame and lack of the shock absorber to function as designed will cause poor handling of the vehicle, increased stopping distance, poor ride comfort and increased wear on other suspension parts and tires.

   b. Additionally, the strength of the frame was comprised due to the rust. The Vehicle, a pick-up truck, would not support any payloads and would not react in the manner as designed by Toyota if involved in a collision.

   c. The frame had at least one patch welded in. The frame was also painted with a black undercoating to cover the rust. Much of the undercoating was peeling off the frame due to improper preparation prior to application of the undercoat.

   d. Much of the frame had delamination of the steel.

   e. The steel frame had cracks in critical locations.

20. The rust and other defects were so severe that the Vehicle was not repairable, and the only means of resolving these defects would be to replace the frame.

4

21. Additionally, the Vehicle's muffler was rotted along the seams, and its condition created a risk of carbon monoxide and exhaust fumes entering the Vehicle's cabin.

22. The Vehicle's defects would have been apparent and obvious to any automotive professional performing the "Safety and Maintenance" inspection promised by Road Ready.

23. Plaintiff was interested in purchasing a low mileage pick-up truck and he found Road Ready's advertisement on-line.

24. Plaintiff read Road Ready's description of the truck, and he read the contents of Road Ready's website describing its "Safety and Maintenance" inspection to ensure that only quality motor vehicles were sold to Road Ready's customers.

25. Plaintiff believed Road Ready's representations in its advertisement, and he believed that Road Ready had inspected the Vehicle and had determined it to be in "excellent condition" and "not at all rusted out."

26. Plaintiff traveled to Road Ready's lot in Bridgeport on January 2, 2015 and met with George Christakos, a salesman, and Anthony Petruzziello, Road Ready's sales and finance manager.

27. Plaintiff expressed interest in the Vehicle, and Christakos told him that the Vehicle's prior owner had taken "excellent care" of it and had used the Vehicle to "haul leaves."

28. This was a false and deceptive statement, because Christakos had no information regarding the prior owner or his or her use of the Vehicle, which had been purchased at auction.

29. Plaintiff inspected the Vehicle, which seemed to Plaintiff to be mechanically sound.

30. The Vehicle did not display the BUYERS GUIDE that is required to be displayed on motor vehicles under the FTC's Used Car Rule, 16 C.F.R. § 455.2.

31. Later that day, Plaintiff decided to purchase the Vehicle, and he returned to Road Ready and provided a $1,000 deposit.

32. Plaintiff returned to Road Ready on January 5, 2015 in order to complete the purchase and take delivery of the Vehicle.

33. Plaintiff purchased the Vehicle for a cash price of $12,000 and a total cash price, following the addition of various fees, taxes, and costs, of $14,173.86.

34. Plaintiff paid an additional $3,000 towards the downpayment, making the total amount of the downpayment made to Road Ready $4,000.

35. Plaintiff financed the balance of $10,173.86 pursuant to a retail installment sales contract (the "Contract) that was assigned to Gateway.

36. The purchase order contained language purporting to sell the Vehicle "as is," without implied warranties.

37. The purported disclaimer was in fine print and was not at least 12-point and bold print, as required by Conn. Gen. Stat. § 42-224 to be an effective disclaimer of the implied warranty of merchantability.

38. Road Ready completed and provided Plaintiff with a copy of DMV Form K-208 as required by Conn. Gen. Stat. § 14-62g. In that document, Road Ready certified that it had inspected various inspection items, including the Vehicle's frame/chassis and the exhaust, and that those items had passed the inspection.

6

39. Road Ready further certified on the K-208 form that the Vehicle "is deemed to be in condition for legal operation on any highway of this state".

40. After taking delivery of the truck, Plaintiff noticed that it was making a louder noise than he believed that it should.

41. Plaintiff also became concerned about rust on the Vehicle, and he took it to a Toyota dealership for an inspection on January 13, 2015.

42. Later that day, Plaintiff learned that the Vehicle had rust issues that rendered it unsafe to drive.

43. Plaintiff called Road Ready and spoke with Petruzziello. Plaintiff informed him that the Vehicle was rusted out and would not pass an inspection, and he told him that he wanted to return the Vehicle for a refund.

44. At Petruzziello's request, Plaintiff sent Road Ready a copy of a work order from the Toyota dealership describing some of the Vehicle's problems.

45. Plaintiff later spoke with Petruzziello, who informed him that Road Ready would not permit him to return the Vehicle.

46. On January 17, Saracino emailed Plaintiff and stated that he had reviewed his inspection list for the Vehicle.

47. Saracino further claimed that the Vehicle had gone through an "intensive safety inspection," that the frame was not "rotted out," and that the frame was "solid and does not need to be replaced and is safe for the road."

48. These were all false statements by Saracino, who either knew of the Vehicle's condition or made the statements recklessly without regard for the Vehicle's condition.

49. On January 26, 2015, Plaintiff took the Vehicle to Wreck Checkers in Mansfield, MA, and had the Vehicle inspected by an auto body expert, who advised him that the Vehicle was not safe to drive and should not be driven.

50. Immediately following that inspection, Plaintiff returned the truck to Road Ready, and by his counsel, served notice to Road Ready and to Gateway that he had revoked acceptance of the Vehicle.

51. Road Ready has not returned to Plaintiff the $4,000 down payment.

52. Gateway continues to claim the balance due under the Contract.

53. The Contract contains language stating:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

54. Plaintiff made written demand, within the meaning of Conn. Gen. Stat. § 52-572g, upon Road Ready in the notice sent on January 26, 2015.

**ALLEGATIONS REGARDING CLAIMED ACTUAL DAMAGES**

55. Road Ready has failed and refused to refund Plaintiff's downpayment of $4,000.

56. Additionally, Plaintiff has incurred expenses of $142.81 for New Rochelle Toyota to inspect the Vehicle and another $350.00 for Wreck Checkers to inspect the Vehicle to determine the extent of rust damage to the Vehicle.

57. Plaintiff also incurred expenses of $80.00 for insurance for the Vehicle.

58. Additionally, Plaintiff seeks compensation for the loss of use of the Vehicle at the fair rental rate of $200/week commencing from the date that he learned that the

8

Vehicle was not safe to be driven. Such damages commenced to run on January 26, 2015 and, as of the date of the filing of this Complaint, total $857.

59. Plaintiff's total actual damages are, therefore $5,429.81, not including common law punitive damages or statutory punitive damages.

**LEGAL CLAIMS ASSERTED**

### A. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

60. A warranty that the Vehicle was merchantable at the time of sale was implied in the contract by operation of Conn. Gen. Stat. § 42a-2-314.

61. The Vehicle was not in merchantable condition because it would not pass in trade without objection because it was not fit for the ordinary purposes for which vehicles are used, or both.

62. The Vehicle's defects substantially impair the value of the Vehicle to Plaintiff, and he accepted it because the defects were unknown to him at the time of sale due to the difficulty of discovery and because he relied on the representations of Road Ready concerning the defects.

63. Road Ready breached the implied warranty of merchantability.

64. Plaintiff provided Road Ready with notice of the breach of implied warranty, and Road Ready refused to remedy the breach.

65. Plaintiff validly and effectively revoked his acceptance of the Vehicle.

66. Road Ready is liable to Plaintiff for his damages plus a reasonable attorney's fee.

67. Road Ready's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were

undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained.

68. As a result of Road Ready's actions, it is liable to Plaintiff for his damages, including common law punitive damages, which are expected to be in excess of $50,000.

### B. Breach of Express Warranty

69. Road Ready made express representations and affirmations of fact that either concerned the Vehicle or that became part of the basis of the bargain or both, and those representations and affirmation of fact constituted express warranties pursuant to Conn. Gen. Stat. § 42a-2-313.

70. Specifically, Road Ready made express warranties that:

   a. It had conducted a thorough inspection of the Vehicle;

   b. The Vehicle did not have rust in the frame;

   c. The Vehicle did not have cracks or damage in the frame;

   d. The Vehicle was in "excellent condition";

   e. The Vehicle was in condition for legal operation on pubic highways;

   f. The Vehicle had been well-cared for by its prior owner; and

   g. The Vehicle was safe to drive.

71. Road Ready has breached one or more of its express warranties.

72. Plaintiff provided Road Ready with notice of the breach of express warranties and Road Ready refused to remedy the breach.

73. Plaintiff validly and effectively revoked his acceptance of the Vehicle.

74. Road Ready is liable to Plaintiff for his damages.

75. Road Ready's breaches of express warranty were intentional, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury he sustained.

76. As a result of Road Ready's breaches of express warranty, it is liable for Plaintiff's damages, including common law punitive damages, which are expected to be in excess of $50,000.

### C. FRAUDULENT MISREPRESENTATION

77. Road Ready and its employees, who acted with Saracino knowledge and authority, have made false and fraudulent representations to Plaintiff regarding the Vehicle.

78. Saracino has similarly made false and fraudulent representations to Plaintiff.

79. Specifically, Road Ready and Saracino have represented to Plaintiff that the Vehicle had been subjected to an inspection and that it was in roadworthy condition, and either no inspection was performed or, if an inspection had been performed, the inspection would have revealed serious defects and deficiencies rendering the Vehicle unsafe to drive.

80. Plaintiff acted in reliance upon these fraudulent representations to his detriment by purchasing a Vehicle that was not roadworthy.

81. Road Ready and Saracino are liable for Plaintiff's damages, including common law punitive damages, which are expected to be in excess of $50,000.

### D. NEGLIGENT MISREPRESENTATION

82. Road Ready and its employees, who acted with Saracino knowledge and authority, have made false representations to Plaintiff regarding the Vehicle.

11

83. Saracino has similarly made false representations to Plaintiff.

84. Specifically, Road Ready and Saracino have represented to Plaintiff that the Vehicle had been subjected to an inspection and had been deemed to be in roadworthy condition when a reasonably conducted inspection would have revealed serious defects and deficiencies that rendered the Vehicle unsafe to drive.

85. Plaintiff acted in reliance upon these misrepresentations to his detriment by purchasing a Vehicle that was not roadworthy.

86. Road Ready and Saracino are liable for Plaintiff's damages.

87. Because the misrepresentations were made with a reckless indifference to Plaintiff's rights, Road Ready and Saracino are also liable for common law punitive damages, which are expected to be in excess of $50,000.

**E. CUTPA**

88. Road Ready and Saracino have engaged in unfair and deceptive acts, as aforedescribed, in violation of CUTPA.

89. The CUTPA violations include the false and deceptive statements made regarding the Vehicle's history, Road Ready's inspection of the Vehicle, and the Vehicle's condition.

90. Road Ready and Saracino have further violated CUTPA by Saracino's false and deceptive statements made after Plaintiff had notified Road Ready of the Vehicle's defects.

91. Additionally, Road Ready violated CUTPA by falsely and deceptively informing Plaintiff that the Vehicle was sold on an "as is" basis when its attempted

disclaimer of implied warranties failed to comply with the requirements for such a disclaimer under Connecticut law.

92. Additionally, Road Ready's statements that the Vehicle was sold on an "as is" basis were false and deceptive, because even a valid disclaimer of the implied warrant of merchantability would not excuse Road Ready from responsibility for the representation on the K-208 form that the Vehicle was deemed to be in a condition for legal operation on public highways, which responsibility may not be disclaimed by operation of Conn. Gen. Stat. § 42-224(d).

93. Additionally, Road Ready violated CUTPA by its violation of the federal Used Motor Vehicle Rule, 16 C.F.R. § 455.3, which requires that the Buyers Guide window sticker be placed on used vehicles.

94. All of these violations of CUTPA were committed under the authority and approval of Saracino, who is also liable thereunder.

95. As a result of these CUTPA violations, Plaintiff has suffered an ascertainable loss, including, but not limited to, the purchase and financing of a Vehicle that was not roadworthy and that was worth substantially less than the amount paid.

96. For Road Ready and Saracino's violations of CUTPA, Plaintiff is entitled to his damages and, in the discretion of the Court, statutory punitive damages.

### F. GATEWAY LIABILITY AS ASSIGNEE

97. Gateway, as the assignee of the Contract, is subject to all defenses under the contract, including Plaintiff's claim of revocation of acceptance.

98. Pursuant to the contract terms, Gateway is further subject to all affirmative claims that Plaintiff may assert against Road Ready up to the $4,000 that he has paid under the contract.

99. Additionally, Gateway's liability to Plaintiff is extended pursuant to Conn. Gen. Stat. § 52-572g to include the $10,173.86 balance claimed under the Contract.

100. Plaintiff is entitled to an order that he has no liability under the Contract.

101. Gateway is liable to Plaintiff for his damages, including common law and statutory punitive damages, up to $14,173.86, plus attorney's fees.

Wherefore, Plaintiff seeks actual damages, common law punitive damages, statutory punitive damages, and attorney's fees, and costs, plus an order that acceptance of the Vehicle was properly revoked and that Plaintiff has no further liability under the Contract.

PLAINTIFF, MICHAEL JOHNSON

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457