UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JOHNSON<br>   Plaintiff | : CIVIL ACTION NO.<br>  3:15-cv-00271-WWE |
| v. | |
| ROAD READY USED CARS, INC.,<br>RONALD SARACINO and GATEWAY<br>ONE LENDING & FINANCE, LLC,<br>   Defendants | :<br><br><br>: MAY 14, 2015 |

JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | Complaint was filed February 25, 2015. |
| Date Complaint Served: | Requests for waivers of service were mailed on February 25, 2015. |
| Dates of Defendants' Appearance: | Attorney Jonathan Klein appeared on behalf of Road Ready Used Cars, Inc. and Ronald Saracino on April 24, 2015 and on behalf of Gateway One Lending & Finance, LLC on May 11, 2015. |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and District of Connecticut Local Rule of Civil Procedure 16, a conference was held on April 28, 2015 and counsel exchanged drafts of this report. The participants were: Daniel S. Blinn and Jonathan Klein.

I.    CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibility for achieving a prompt settlement or other resolution of the case. In consultation with

the clients, counsel have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     JURISDICTION

    A.     Subject Matter Jurisdiction

Jurisdiction is asserted under Magnuson Moss, 15 U.S.C. § 2310(d)(1)(B), because the total amount sought, including common law punitive damages for tortious breach of warranty, is greater than $50,000.  Jurisdiction is also asserted under 28 U.S.C. § 1332. The defendants reserve the right to contest jurisdiction.

    B.     Personal Jurisdiction

This court has jurisdiction over the defendants Road Ready and Saracino because they are both located in Connecticut.  This Court has jurisdiction over Gateway because it regularly conducts business in this state.  The venue in this court is proper because some of the parties are residents of Connecticut and the conduct alleged in the complaint occurred in Connecticut.  Personal jurisdiction is not contested.

III.    BRIEF DESCRIPTION OF CASE

    A.     Claims of Plaintiff

In the Complaint, the Plaintiff asserts a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, and Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. §§ 42a-2-101 *et seq.* against Road Ready alleging that it fraudulently and maliciously sold him a 2004 Toyota Tacoma advertising the vehicle as being in excellent condition and not rusted out when in fact the vehicle was severely rusted and was not roadworthy.  The rust and other defects were so severe that the Vehicle was not repairable, and the only means of resolving these defects would be to replace the

2

frame.  Plaintiff also claims against Gateway One Lending & Finance, LLC ("Gateway"), the assignee of the retail installment contract for the Vehicle.

The plaintiff claims actual damages, common law punitive damages, statutory punitive damages, and attorney's fees, and costs, plus an order that acceptance of the Vehicle was properly revoked and that Plaintiff has no further liability under the Contract.

      B.    <u>Defenses and Claims of Defendants Road Ready Used Cars, Inc. and Ronald Saracino</u>

The defendants deny any and all claims, including those for any and all damages, made by the plaintiff. Road Ready and Saracino also affirmatively claim that there were no implied warranties in the transaction.

      C.    <u>Defenses and Claims of Defendant Gateway One Lending & Finance, LLC</u>

The defendant denies any and all claims, including those for any and all damages, made by the plaintiff and has asserted affirmative defenses.

      D.    <u>Defenses and Claims of Third-Party Defendants</u>

Not applicable.

IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state the following material facts are not in dispute:

    1.    Plaintiff purchased a used 2004 Toyota Tacoma on or around January 5, 2015 for a cash price of $12,000 and a total cash price, following the addition of various fees, taxes, and costs, of $14,173.86, pursuant to a retail installment sales contract.

    2. Plaintiff paid a down payment of $4,000.

    3. The retail installment sales contract was assigned to Gateway One Lending & Finance, LLC.

    4. Road Ready completed and provided Plaintiff with a copy of DMV Form K-208.

    5. The Tacoma was returned to Road Ready on January 26, 2015.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on scheduling in civil cases as described herein.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

    1. The parties certify that they have considered the desirability of attempting to resolve the case before undertaking significant discovery or motion practice.

    2. Parties request an early Settlement Conference. The parties request that a conference be scheduled with a United States Magistrate Judge.

    3. The parties do not request a referral for alternative dispute resolution pursuant to L. Civ. R. 16.

D.  Joinder of Parties and Amendment of Pleadings

1. The plaintiff should be allowed until June 30, 2015 to file motions to join additional parties and to file motions to amend the pleadings.

2. The defendants should be allowed until July 31, 2015 to file motions to join additional parties.

E.  Discovery

1. The parties anticipate that discovery will be needed on the following subjects: a) the allegations of the Complaint; b) the plaintiff's damages; c) the inspection, service and/or maintenance of the vehicle; d) the condition of the vehicle at the time of sale; d) the preparation and signing of the retail installment contract, purchase order and other purchase documents, e) .advertisements of the vehicle; f) display of the Buyer's Guide on the vehicle; and g) any warranty on the vehicle or the sale to plaintiff in "as is" condition.

2. All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by May 1, 2015 and completed not propounded by November 15, 2015.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by November 15, 2015.

5. The parties anticipate that the plaintiff will require a total of up to four depositions of fact witnesses and the defendants will require a total of four depositions of fact witnesses. The depositions will be completed by November 15, 2015.

6. The parties reserve their rights to request permission to serve more than 25 interrogatories each should the need arise.

7. Plaintiff intends to call an expert witness at trial and will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2015. Depositions of any such experts will be completed by August 30, 2015.

8. Defendants may call expert witnesses. If any of the defendants elect to use an expert witness, defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 15, 2015. Depositions of any such experts will be completed by November 15, 2015.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by June 30, 2015.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Neither party will delete any electronically stored information relevant to this action and will include hard copies as part of their Rule 26a disclosures.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production. The parties agree to the

following procedures for asserting claims of privilege after production.  Each party will use best efforts to identify privileged or work-production documents and will assert claims of privilege before production with a reservation of right to assert the claim post-production for good cause shown.  Upon a post-production claim of privilege, their parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

    F.    <u>Dispositive Motion</u>

Any dispositive motions will be filed on or before January 15, 2016.

    G.    <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 15, 2016 or within sixty (60) days of the ruling on any dispositive motions, whichever is later.

## VI.    TRIAL READINESS

The case will be ready for trial by April 15, 2016 or thirty (30) days from submission of the Joint Trial Memorandum.

Counsel for the parties agree to accept electronic service of all non-efillable documents at the email addresses listed below.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, MICHAEL JOHNSON

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457


DEFENDANTS, ROAD READY USED CARS, INC., RONALD SARACINO and
GATEWAY ONE LENDING & FINANCE, LLC

By: /s/ *Jonathan J. Klein*
    Jonathan J. Klein (ct00513)
    1445 Capitol Avenue
    Bridgeport, CT 06604-1619
    Tel.: (203) 330-1900
    Fax: (203) 330-1526
    jjkesq@hotmail.com

## CERTIFICATION

I hereby certify that on this 14th day of May, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

   /s/ *Daniel S. Blinn*
Daniel S. Blinn