UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JOHNSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00271-WWE |
| | : | |
| ROAD READY USED CARS, INC., | : | |
| RONALD SARACINO, and | : | |
| GATEWAY ONE LENDING & FINANCE, | : | |
| LLC, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS</u>**

    Defendants have moved to dismiss this case for lack of subject-matter jurisdiction. Plaintiff responds that the Court has both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. For the following reasons, defendants' motion to dismiss will be denied.

    Plaintiff alleges that defendants sold him a truck so compromised from rust that it was unsafe to drive. The complaint states that much of the steel frame had delaminated, with cracks in critical locations. The vehicle's muffler was allegedly so rotted along the seams that it created a risk of carbon monoxide entering the truck's cabin. Plaintiff alleges that a third-party auto body expert advised him that the vehicle should not be driven. Moreover, plaintiff alleges that the vehicle would not pass inspection. Nevertheless, defendant allegedly advertised that "[t]he truck is in excellent condition and not all rusted out like a lot of them you've seen out there." Plaintiff alleges that defendants certified via DMV Form K-208 that they had inspected both the frame and the exhaust.

    Upon discovery of the vehicle's defects, plaintiff attempted to return it to defendants. At defendants' request, plaintiff forwarded a copy of a work order from a third-party Toyota

dealership, describing some of the vehicle's problems.  Defendants did not permit plaintiff to return the truck, for which plaintiff had agreed to pay over fourteen thousand dollars.  Defendants refuse to return plaintiff's $4,000 down payment.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  St. Paul Mercury Indem. Co v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see also Bank v. Hydra Group LLC, 433 Fed. Appx. 50, 50-51 (2d Cir. 2011).  The Second Circuit has held that to defeat jurisdiction, "the legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim."  Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. Of Chicago, 93 F. 3d 1064, 1070 (1996).

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."  Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 320 U.S. 238, 240 (1943); see also Pensionsversicherungsanstalt v. Greenblatt, 556 Fed. Appx. 23, 26 (2d Cir. 2014).  Diversity jurisdiction is satisfied if the matter in controversy exceeds $75,000, exclusive of interests and costs.  Magnuson-Moss jurisdiction is satisfied where the amount in controversy reaches $50,000, exclusive of interests and costs.  15 U.S.C. § 2310(d)(3)(B).

Plaintiff asserts multiple claims against defendants, including Connecticut Unfair Trade Practices Act ("CUTPA") violations.  Pursuant to CUTPA, defendants are potentially liable for both punitive or exemplary damages and attorneys' fees.  Ulbrich v. Groth, 310 Conn. 375, 446

(2013).  Magnuson-Moss allows a prevailing consumer to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses including attorneys' fees "based on actual time expended" in connection with such action.  See 15 U.S.C. §2310(d)(2).  Plaintiff's counsel has submitted a declaration stating that total attorneys' fees in this matter are likely to exceed $50,000 should this case proceed to trial.  Moreover, attorneys' fees are considered when determining the appropriate amount of punitive damages.  Ulbrich, 310 Conn. at 447.

Dismissal of this case is not justified, as it does not appear to a legal certainty that plaintiff's claims are less than the jurisdictional amounts under either Magnuson-Moss or 28 U.S.C. § 1332.  Accordingly, defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED.

Dated this 13th day of April, 2016, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE