UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JOHNSON                          :  CIVIL ACTION NO.
    Plaintiff                                      3:15-cv-00271-WWE

v.

ROAD READY USED CARS, INC.,
RONALD SARACINO and GATEWAY
ONE LENDING & FINANCE, LLC,
    Defendants                           :  APRIL 25, 2016


**PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION**


I.     **INTRODUCTION**

        Defendants have moved for reconsideration of the Court's order denying their

motion to dismiss. The motion should be denied, because the defendants are merely

attempting to reargue issues previously raised and they cite no controlling authority or

data demonstrating that the motion was wrongly decided. Additionally, the defendants'

motion fails to acknowledge that diversity jurisdiction under 15 U.S.C. § 1332 is not

dependent upon a recovery of attorney's fees.


II.    **ARGUMENT**

       **A.  Defendants Have Raised No New Arguments or Authority.**

       "The standard for granting a motion for reconsideration is strict." *Palmer v. Sena,*

474 F. Supp. 2d 353, 355 (D. Conn. 2007), *citing Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir.1995). Such motions "will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked — matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court."
*Shrader,* 70 F.3d at 257. "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

In the present case, the sole basis for seeking reconsideration is the defendants' argument that the common law punitive damages cannot exceed the amount actually paid by Plaintiff to his lawyer. Defendants raised this same argument in their original motion. *See Memorandum of Law in Support of Motion to Dismiss,* Doc 28-1, pp. 9-10. It also raised the argument in its Reply Memorandum, Doc. 33, pp. 5-7.  Plaintiff submitted substantial authority that fees under Magnuson-Moss are not limited to the amount paid by a consumer but are instead "based on actual time expended", *see* 15 U.S.C. §2310(d)(2). The Court agreed with Plaintiff's position at p. 3 of the Memorandum of Decision, and it further held that "attorneys' fees are considered when determining the appropriate amount of punitive damages." Decision at 3.

The Defendants cite no authority for the proposition that punitive damages should be limited to the amount paid by the Plaintiff to his lawyer. In essence, they seek simply to reargue the matter already decided, and the motion should be denied.


**B.  Diversity Jurisdiction is Not Dependent Upon Attorney's Fees.**

Even if the defendants' argument regarding the limitation on fees had merit, their motion ignores the Court's ruling that jurisdiction was properly asserted under both Magnuson-Moss and under 28 U.S.C. § 1332.  Decision at 3.  A determination of the recoverable punitive damages under the CUTPA claim does not depend upon the cost of fees; those damages are instead measured by a variety of factors including the

amount of actual damages claimed and the nature of a defendant's conduct. As argued at pp. 13-15 of the Plaintiff's Opposition, it cannot be said with legal certainty that statutory punitive or exemplary damages under CUTPA will not exceed the jurisdictional threshold under 28 U.S.C. § 1332. Plaintiff has alleged a damages claim in excess of the jurisdictional threshold and has done so in good faith. Jurisdiction is therefore properly asserted by this Court.

**III.     CONCLUSION**

For the foregoing reasons, the Motion for Reconsideration should be denied.

PLAINTIFF, MICHAEL JOHNSON

BY: /s/ Daniel S. Blinn
          Daniel S. Blinn (ct 02188)
          dblinn@consumerlawgroup.com
          Consumer Law Group, LLC
          35 Cold Spring Road, Suite 512
          Rocky Hill, CT 06067-9997
          Tel. (860) 571-0408
          Fax. (860) 571-7457

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2016, copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel S. Blinn
Daniel S. Blinn