UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JOHNSON, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:15-cv-00271-WWE |
| | : |
| ROAD READY USED CARS, INC., | : |
| RONALD SARACINO, and | : |
| GATEWAY ONE LENDING & FINANCE, | : |
| LLC, | : |
|     Defendants. | : |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants have moved for reconsideration of the Court's denial of their motion to dismiss for lack of subject-matter jurisdiction. Defendants' motion to dismiss was premised on the argument that plaintiff's complaint failed to plead in good faith the requisite amount in controversy to create diversity jurisdiction pursuant to 28 U.S.C. § 1332 or to obtain federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Magnuson-Moss jurisdiction requires the amount in controversy to reach a threshold of $50,000. For the following reasons, defendants' motion for reconsideration will be granted, but the Court will adhere to its decision to deny defendants' motion to dismiss for lack of subject-matter jurisdiction.

**BACKGROUND**

Plaintiff alleges that defendants sold him a truck so compromised from rust that it was unsafe to drive. The complaint states that much of the steel frame had delaminated, with cracks in critical locations. The vehicle's muffler was allegedly so rotted along the seams that it created a risk of carbon monoxide entering the truck's cabin. Plaintiff alleges that a third-party auto

body expert advised him that the vehicle should not be driven.  Moreover, plaintiff alleges that the vehicle would not pass inspection.  Nevertheless, defendant allegedly advertised that "[t]he truck is in excellent condition and not all rusted out like a lot of them you've seen out there."  Plaintiff alleges that defendants certified via DMV Form K-208 that they had inspected both the frame and the exhaust.

Upon discovery of the vehicle's defects, plaintiff attempted to return it to defendants.  At defendants' request, plaintiff forwarded a copy of a work order from a third-party Toyota dealership, describing some of the vehicle's problems.  Defendants did not permit plaintiff to return the truck, for which plaintiff had agreed to pay over fourteen thousand dollars.  Defendants refuse to return plaintiff's $4,000 down payment.

## DISCUSSION

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  St. Paul Mercury Indem. Co v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see also Bank v. Hydra Group LLC, 433 Fed. Appx. 50, 50-51 (2d Cir. 2011).  The Second Circuit has held that to defeat jurisdiction, "the legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim."  Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. Of Chicago, 93 F. 3d 1064, 1070 (1996).

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."  Bell v. Preferred Life

Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943); see also Pensionsversicherungsanstalt v. Greenblatt, 556 Fed. Appx. 23, 26 (2d Cir. 2014).

Magnuson-Moss neither invalidates nor restricts any right or remedy of any consumer under state or any other federal law. 15 U.S.C. § 2311(b)(1). Accordingly, punitive damages are available under Magnuson-Moss where state law provides for punitive damages. Boyd v. Homes of Legend, Inc., 188 F. 3d 1294, 1288 (11th Cir. 1999); see also MacKinzie v. Chrysler Corporation, 607 F. 2d 1162, 1166 (5th Cir. 1979) ("[T]he legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Act."); Angelillo v. Harte Nissan, Inc., 2010 WL 569887 at *3 (D. Conn.).

In Connecticut, punitive or exemplary damages may be awarded in a contract action where a defendant exhibits reckless indifference to the interests of others. Capstone Bldg. Corp v. American Motorists Ins. Co, 308 Conn. 760, 802 n.40 (2013). In the instant action, plaintiff alleges such indifference. Moreover, both compensatory damages and attorneys' fees are considered in determining punitive damages, so potential attorneys' fees in this case are highly relevant to the determination of jurisdiction. See Ulbrich v. Groth, 310 Conn. 375, 447 (2013). Plaintiff's counsel has submitted a declaration stating that total attorneys' fees in this matter are likely to exceed $50,000 should this case proceed to trial.

Nevertheless, defendants have moved for reconsideration based upon their perception that the Court overlooked "a weighty, significant issue apparently of first impression, at least in this District and the Second Circuit." Defendants argue that the reason why the jurisdictional threshold cannot be met in this case is "the unusual wording of the attorneys' fees provision" in the Magnuson-Moss Warranty Act, that, defendants submit, limits attorneys' fees to those

"[p]laintiff himself is [] required to pay his attorney []; [p]laintiff is not required to pay him anything out of pocket beyond the $750 he has already paid; and even if his attorney for whatever reason, is unable to collect an award of attorneys' fees from [d]efendants, [p]laintiff has no obligation to pay his attorney anything." Defs.' Mot. at 2-3, ECF No. 36.

The Court is not persuaded.

Magnuson-Moss provides, in relevant part:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2). The statutory language of Magnuson-Moss is clear: attorneys' fees are to be "based on actual time expended" – not some other measure – as defendants submit. The "reasonably incurred by the plaintiff" language simply clarifies that only plaintiff's attorneys' fees (and not defense fees) shall be included in the calculation. Where plaintiff's attorneys' fees, based on actual time expended, are reasonably incurred for or in connection with the commencement and prosecution of a Magnuson-Moss claim, a court may allow such fees as part of the judgment. Defendants' position, which directly contradicts the statutory language as to fee calculation and has no legal support, caselaw or otherwise, would undermine the remedial purpose of Section 2310(d)(2). On the other hand, plaintiff has offered copious citation to state and federal courts that have, as directed by statute, awarded Magnuson-Moss attorneys' fees based on the lodestar method of calculation. See Pl.'s Opp'n at 11 n.36, ECF No. 31 (collecting cases); see also Jordan v. Transnational Motors, Inc., 212 Mich. App. 94, 98-9 (1995)

4

("Simply put, if attorney fee awards in these cases do not provide a reasonable return, it will be economically impossible for attorneys to represent their clients. Thus, practically speaking, the door to the courtroom will be closed to all but those with either potentially substantial damages, or those with sufficient economic resources to afford the litigation expenses involved.  Such a situation would indeed be ironic: it is but precisely those with ordinary consumer complaints and those who cannot afford their attorney fees for whom these remedial acts are intended.").

Plaintiff's agreement with counsel to limit plaintiff's out-of-pocket liability in bringing this action to $750 does not supersede federal law enacted by Congress for the protection of consumers from deceptive warranty practices.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is GRANTED, but the Court adheres to its decision to deny defendants' motion to dismiss for lack of subject-matter jurisdiction.

Dated this 27th day of April, 2016, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE