UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JOHNSON, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00271-WWE |
| | : | |
| ROAD READY USED CARS, INC., | : | |
| RONALD SARACINO, and | : | |
| GATEWAY ONE LENDING & FINANCE, | : | |
| LLC, | : | |
|    Defendants. | : | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION FOR RECONSIDERATION

A jury returned a verdict for plaintiff, Michael Johnson, based on defendants' breach of warranties associated with the sale of a pickup truck. Plaintiff subsequently filed a motion for attorney's fees to which defendants objected. Two weeks after defendants entered their objection, the parties filed a joint stipulation and agreed that defendants would pay a total amount of $70,000 in attorney's fees.

Four months after the parties reached agreement on attorney's fees, plaintiff moved for offer of compromise interest pursuant to Conn. Gen. Stat. § 52-192a. Defendants objected, arguing that plaintiff's motion should be treated as untimely pursuant to Rule 59(e), which states that a motion to alter or amend judgment must be filed within 28 days after entry of judgment.

The Court granted plaintiff's motion for compromise interest based, in part, on the reasoning of White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450-53 (1982). The Supreme Court in White held that Rule 59(e) is invoked only by reconsideration of matters properly encompassed in a decision on the merits, not by legal issues collateral to the main cause of action. Id. Although White addressed a motion for attorney's fees, its reasoning can be applied to a motion for offer of compromise interest. White held that the time limit imposed by Rule 59(e)

1

"could deprive counsel of the time necessary to negotiate private settlements of fee questions. If so, the application of Rule 59(e) actually could generate increased litigation of fee questions-a result ironically at odds with the claim that it would promote judicial economy." Id. at 454. The Supreme Court explained further that a motion for attorney's fees is unlike a motion to alter or amend a judgment, to which Rule 59(e) typically applies:

> [A motion for attorney's fees] does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).

Id. at 452.

Similarly, strict application of Rule 59(e) to offers of compromise interest could deprive counsel of the time necessary to negotiate private settlements, including settlements of fee questions. Indeed, because attorney's fees are properly included in the arithmetic to determine whether compromise interest shall be awarded, an award of compromise interest must sometimes await resolution of any fee dispute.

Moreover, unlike some awards of attorney's fees, the award of compromise interest is mandatory:

> Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial.... *Moreover, an award of interest under § 52–192a is mandatory, and the application of § 52–192a does not depend on an analysis of the underlying circumstances of the case or a determination of the facts.* ... The statute is admittedly punitive in nature.... It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases.

Blakeslee Arpaia Chapman, Inc. v. El Constructors, Inc., 239 Conn. 708, 752 (1997) (emphasis original).

Defendants have moved for reconsideration of this Court's decision to award compromise interest pursuant to Conn. Gen. Stat. § 52-192a. Defendants acknowledge that no Connecticut rule establishes a time frame within which the filer of the offer of compromise may seek to avail himself

2

of the benefit of an unaccepted offer of compromise. Defendants nevertheless argue that the Supreme Court case of Osterneck v. Ernst & Whitney, 489 U.S. 169 (1989), established a bright-line rule that a post-judgment motion for mandatory prejudgment interest must be filed in accordance with Rule 59(e).

Although White did not concern offer of compromise interest, neither did Osterneck. Osterneck merely held that a motion for *discretionary* prejudgment interest is a Rule 59(e) motion and is subject to its time constraints. 489 U.S. at 991-92. Although the Supreme Court hypothesized that the result should not be different where prejudgment interest is available as a matter of right, the statement was dicta and did not consider the potentially neutralizing effect that such a holding could have on Connecticut's offer of compromise interest statute in federal cases.

The Court is not persuaded that Osterneck should control the instant matter. As plaintiff points out, offer of compromise interest was available to plaintiff here only after the award of plaintiff's attorney's fees. Motions for fee awards are not due until fourteen days following a judgment, so given the time permitted for a defendant to respond, and for the court to rule, it could be impossible in many cases for a motion for offer of compromise interest to be brought within 28 days of judgment. Moreover, Connecticut's offer of compromise statute does not require or even contemplate the filing of a motion by the prevailing plaintiff. Rather:

> [A]fter trial, the statute directs the trial court to examine the record and, if the record reveals that the statutory conditions for offer of compromise interest are met, to award interest. … The trial court's function in this process is nondiscretionary. As we previously have noted, [t]he statutory requirement of an examination of 'the record' makes it clear that the legislature intended to give the court a ministerial task… rather than an adjudicative one.

Yeager v. Alvarez, 302 Conn. 772, 782 (2011).

Finally, the Supreme Court in Osterneck determined that a motion for discretionary prejudgment interest constituted a motion to amend the judgment under Rule 59(e) in part based on its holding that the prejudgment interest there was an element of the plaintiff's compensation.

3

Osterneck, 489 U.S. at 176 ("For example, in a federal securities action such as this case, a district court will consider a number of factors, including whether prejudgment interest is necessary to compensate the plaintiff fully for his injuries . . ."). In contrast, as discussed above, the purpose of Connecticut's offer of compromise interest statute is not to compensate the plaintiff but to punish the defendant and to discourage wasteful litigation. See Accettullo v. Worcester Ins. Co., 256 Conn. 667, 672 (2001).

> The Appellate Court reversed the trial court judgment denying interest, concluding that interest awarded pursuant to § 52-192a is not an award of interest on a debt, nor does it involve the determination of substantive contract issues. *Id.* at 650, 579 A.2d 545. Rather, the court explained, § 52-192a is a procedural rule, punitive in nature, and enacted to promote fair and reasonable pretrial compromises of litigation.

Id. at 671. Accordingly, the Court will adhere to its decision to grant plaintiff offer of compromise interest in the amount of $10,620.93 pursuant to Conn. Gen. Stat. § 52-192a(c).

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is GRANTED, but the Court adheres to its decision to award offer of compromise interest in the amount of $10,620.93.

Dated this 8th day of June, 2018, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE